UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RODNEY S. PERRY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02767-TWP-MPB |
| | ) | |
| DENNIS REAGLE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Rodney Perry is an inmate at Pendleton Correctional Facility (PCF). Because Mr. Perry is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mr. Perry's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Abu-Shawish v. United States*, 898 F.3d 726, 737 (7th Cir. 2018) ("And because Abu-Shawish was proceeding *pro se*, the district court should have construed his petition liberally.").

## II. The Complaint

Mr. Perry is housed in a disciplinary restrictive segregation unit at PCF. He alleges that, in the summer and fall of 2020, the prison staff refused to provide him with supplies to clean his cell or allow his cell to be cleaned by a staff member or prisoner on a regular basis. Mr. Perry regularly requested access to a broom, a mop, a toilet brush, and chemical cleansers. These requests were all denied. This persisted for at least 60 days. Without these materials, Mr. Perry says he was not able to take proper precautions to prevent spread of COVID-19

Mr. Perry provides no details about the condition of his cell during this time. And he does not allege that he or anyone who came into contact with him caught the virus or became ill.

## III. Discussion of Claims

Conditions of a prisoner's confinement can violate the Eighth Amendment "when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the minimal civilized measure of life's necessities,' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Allegations that a prisoner has been denied access to cleaning supplies do not support an Eighth Amendment claim on their own. *See Gray*, 826 F.3d at 1005 ("Neither might Gray's complaints about the lack of access to adequate cleaning supplies, on their own, describe an Eighth Amendment violation."). To state a plausible Eighth Amendment claim, the prisoner must also allege that he is confined in conditions that objectively fall below the minimal measures of civilization—for example, that his cell is infested by pests or covered in excrement. *See id.* at 1005–06 (collecting cases).

The complaint provides no information about the conditions of Mr. Perry's cell. As a result, it does not support a reasonable inference that Mr. Perry has been imprisoned under conditions

that objectively fall below minimal measures of civilization. Mr. Perry's allegations regarding COVID-19 do not change this outcome. Mr. Perry does not allege that he has contracted the virus—much less that he has contracted the virus because his cell is unclean. Mr. Perry is confined to his own cell in segregation. No facts suggest that Mr. Perry is unable to keep up basic hygiene practices, such as washing his hands.

### IV. Conclusion

For the reasons discussed in Part III, the Complaint is **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Perry shall have **through February 12, 2021**, to file an amended complaint that resolves the deficiencies discussed in this Entry. If Mr. Perry chooses to file an amended complaint, it must include the case number associated with this action, no. 1:20-cv-02767-TWP-MPB. It will completely replace the original complaint, and it will be screened pursuant to § 1915A, so it must include all defendants, claims, and factual allegations that Mr. Perry wishes to pursue in this action.

Failure to comply with these orders in the time provided will result in the dismissal of this action without further warning or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 1/14/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RODNEY S. PERRY, SR.
974441
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only